BEFORE THE THIRD DIVISION, DECEMBER 6, 1956

**No. 60406.**—Dorf International, Ltd. *v.* United States, protest 223603–K (New York).

DONLON, Judge: The question before us is whether cucumbers, imported from Cuba at the port of New York, were "entered for consumption" on or before Feburary 28, 1951, as plaintiff's protest claims. If so, the merchandise would be entitled to the seasonal preferential rate of 1 cent per pound under paragraph 774 of the Tariff Act of 1930. as modified by the exclusive trade agreement with Cuba, T. D. 51819, effective January 1, 1948. If not entered for consumption until a date in March 1951, this seasonal preferential rate would not apply, since it is applicable to this merchandise only when entered during the period from December 1 to the last day of the following month of February. T. D. 51819, *supra*.

The official papers show that a consumption entry was filed with the collector on February 26, 1951, the day the cucumbers were landed. Estimated duties provided for in section 505 of the Tariff Act of 1930 were not then paid, but the collector promptly granted the importer's application for a special permit for immediate delivery of the cucumbers as perishable articles, a privilege extended under section 448 (b) of the Tariff Act of 1930. Actual release and delivery of the cucumbers to the importer was made under such permit on February 27, 1951. Estimated duties were paid on March 6, 1951.

This court decided, on closely similar facts, against the plaintiff's contention in *F. B. Wilcon* v. *United States*, 13 Cust. Ct. 96, C. D. 876. In that case, potatoes arrived on November 30, 1940, and were partly delivered on that date, pursuant to a special delivery permit issued under section 448 (b). Consumption entry was not filed, nor were the estimated duties paid, until December 3, 1940. It was held that, since the merchandise had not been entered on November 30, 1940, it was not entitled to the seasonal reduced rate of duty provided in the trade agreement with Canada, T. D. 49752, for potatoes entered for consumption between March 1 and November 30, inclusive, in any year.

It is well-settled law that imported merchandise is not "entered" for the purpose of determining the rate of duty applicable thereto until all customs entry requirements have been complied with, including deposit of estimated duties. *Constance* v. *United States*, 11 Ct. Cust. Appls. 435, T. D. 39436; *Kee Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 105, T. D. 40943; *Goffigon* v. *United States*, 24 Cust. Ct. 81, C. D. 1212. Mere filing of entry, without payment of actual or estimated duty, does not constitute a completed entry.

The case of *United States* v. *Mussman & Shafer, Inc.*, 40 C. C. P. A. (Customs) 108, C. A. D. 506, cited by plaintiff, does not support plaintiff's contention that issuance of a delivery permit, as in this case, establishes entry, so that the subsequent deposit of estimated duties is merely incidental. Plaintiff could have completed entry and obtained the lower seasonal rate by depositing estimated duties on February 26, the day of filing the consumption entry, or at any time down to the close of business on February 28. This, plaintiff did not do.

The protest is overruled. Judgment for defendant.